AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

EDWARD AND LISA MCCAFFREY
*Plaintiff*
v.
GREAT NORTHERN INSURANCE COMPANY,
*Defendant*

Civil Action No. 18-cv-1052-WJM-KLM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: MADSEN KNEPPERS AND ASSOCIATES ("MKA")

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: EXHIBIT B

| Place: Joanne Zboyan Springer and Steinberg, P.C.<br>jzboyan@springersteinberg.com<br>1600 Broadway, Suite 1200 Denver, CO 80121 | Date and Time:<br>03/16/2022 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/14/2022

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Edward and Lisa McCaffrey, who issues or requests this subpoena, are:
JoAnne Zboyan, 1600 Broadway, Suite 1200, Denver, CO 80121; jzboyan@springersteinberg.com; (303) 861-2800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 18-cv-1052-WJM-KLM

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________________________________

____________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ____________________

____________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________________________________
*Server's signature*

____________________________________________
*Printed name and title*

____________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DIRECTION QUESTIONS TO BE PROPOUNDED TO THE CUSTODIAN OF RECORDS FOR MADSEN, KNEPPERS AND ASSOCIATES ("MKA")

1. State your full name, occupation, and official title.

   ANSWER: ______________________________________________

   ______________________________________________

2. Are you the custodian of records for MKA?

   ANSWER: ______________________________________________

   ______________________________________________

3. Have you been served with a subpoena duces tecum for the production of documents as shown on Exhibit B attached to the Notice of Subpoena upon written questions?

   ANSWER: ______________________________________________

   ______________________________________________

4. Have you produced all records identified on Exhibit B here?

   ANSWER: ______________________________________________

   ______________________________________________

5. If not, what documents have not been produced? Why not?

   ANSWER: ______________________________________________

   ______________________________________________

6. Were the records made and kept in the regular course of business of MKA?

   ANSWER: ______________________________________________

   ______________________________________________

7. Are you aware of any other person or entity that may have possession of the records listed on Exhibit B? If so, please state the name of such entity or person and address, if known.

ANSWER: ____________________________________________

____________________________________________

8. Have you searched for all the communications between MKA and Defendant related to the claim involving the Property?

ANSWER: ____________________________________________

____________________________________________

9. Are you aware of any other person or entity that may have possession of the records listed on Exhibit B? If so, please state the name of such entity or person and address, if known.

ANSWER: ____________________________________________

____________________________________________

Signed this ____ day of ____________, 2022.

______________________________
Witness (Custodian of Records)

STATE OF ________________ §
§
COUNTY OF ______________ §

BEFORE ME, the undersigned authority, on this day personally appeared ________________________________________ Custodian of Records for MKA known to me to the be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, and being duly sworn, acknowledged to me that the answers to the foregoing questions are true as stated. I further certify that the records attached hereto are exact duplicates of the original records.

Given under my hand and official seal of office this the ____ day of ________________, 2022.

______________________________

Notary Public in and for the State of ______

[SEAL]
My Commission Expires:

____________________

Issued to:Madsen Kneppers Associates, in the care of registered agent, Grant N. Trusler 56 Inverness Drive East, Suite 200, Englewood, CO 80112.

Return Date: March 16, 2022

**EXHIBIT B**

To Subpoena Duces Tecum

**DEFINITIONS**

1. **"DOCUMENTS"** means and include all written, printed, typed, recorded, electronic, and graphic matter of every kind, nature and description, both originals and copies, and all attachments and appendices thereto, voice records, films, tapes, and other data compilations from which information can be obtained, drafts and revisions of any of the foregoing, any comments, notations, and markings appearing on any of the foregoing, and any exhibits, riders, attachments, supplements, and appendices to any of the foregoing. **"DOCUMENTS"** specifically include **ESI.**

2. **"ESI"** means electronically stored information of any kind, including emails, texts, writings, drawings , graphs, charts, photographs, spreadsheets, sound recordings, images, and other data or data compilations, stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. You are requested to produce ESI in such form(s) and format(s) as Auto-Owners may agree after consultation with **YOU,** or as the Court may order.

3. **"COMMUNICATIONS"** means and refers to all inquiries, discussions, conversations, negotiations, agreements, comments, edits, disagreements, clarifications, understandings, meetings, telephone conversations, letters, notes, memoranda, telegraphs, e-mails, correspondence, instant messages, posts, tweets, texts, direct messages, social media messages, sound recordings, visual recordings, photographs, voice mails, notes, or other forms, whether oral or written, or any summaries, paraphrases or records, or recordings of any of the foregoing, including **DOCUMENTS** and **ESI** reflecting any of the foregoing.

4. **"CLAIM"** means the insurance claim initially made by or through PLAINTIFFS EDWARD AND LISA MCCAFFREY against Great Northern Insurance Company on or about December 22, 2015, including, but not limited to, any and all investigations, estimating, evaluations, measurements, construction, repairs, communications, hearings, site visits, as well as any and all repairs undertaken on the subject property which is the subject of the Complaint filed in the above- captioned case and denominated as Claim No. 040515081007, involving the location at 321 Paragon Way Castle Rock, CO 80104.

5. **"YOU"** and **"YOUR"** mean the person(s) responding to this request on behalf of MKA, and its investigators, representatives, employees, agents, business partners, or independent contractors.

6. **"PROPERTY"** means the premises which is the subject matter of the **CLAIM,** located at 321 Paragon Way Castle Rock, Colorado 80104.

7. **"DEFENDANT"** means **GREAT NORTHERN INSURANCE COMPANY** and/ or **CHUBB**, the insurer who issued the policy providing coverage for Plaintiffs' property, policy number 001217808501 000003 including any of its representatives, employees, attorneys, independent contractors, business partners, attorneys and agents in their individual and representative capacities.

8. **"WELLS, ANDERSON, RACE, LLC "** means the law firm of Well, Anderson, Race LLC, including its attorneys (including, but not limited to Sheryl Anderson, and Adam O'Brien), other attorneys, paralegals, legal assistants, secretaries, investigators, and its other employees and agents.

9. **"CARNEY, BRADLEY, SPELLMAN** means the law firm of Carney, Bradley, Spellman, PC, including its attorneys (including but not limited to Scott Penner), paralegals, legal assistants, secretaries, investigators, and its other employees and agents.

10. The terms "any" and "all" shall be construed to mean "any and all," as required, to encompass the broadest amount of information or material.

11. The term "including" shall be construed to mean "without limitation," as required, to encompass the broadest amount of information or material.

12. The term(s) "person" or "persons" mean and shall include all natural persons and legal entities, including firms. Partnerships, proprietorships, joint ventures, corporations, assumed names (d/b/a's), associations, trusts, estates, other legal, governmental, or business entities.

**This witness is requested to provide a copy of all items listed below to the counsel representing Plaintiffs, at the following location: Springer Steinberg, P.C. 1600 Broadway, Suite 1200 Denver, CO 80202, on or before March 16, 2022.**

**DOCUMENTS TO BE PRODUCED**

1. All **DOCUMENTS** constituting **YOU** and/or **YOUR** company(ies)'s entire file (cover to cover), regarding the **CLAIM,** and any type of services performed by **YOU** and/or **YOUR** company(ies) on or behalf of Defendant, and/or at the direction or request of any of its members, managers, representatives, contractors, attorneys from December 22, 2015 to the present, including, but not limited to: correspondence; reports (final and draft forms); drafts of all reports and correspondence; notes, (dictated, handwritten or otherwise); questionnaires; take offs (whether in the form of spreadsheets, notes, site observations, computerized software etc.); estimates and/or bids (whether in the form of spreadsheets, notes, site observations, computerized software etc.) reflecting amounts , quantities, measurements, cubic feet, linear feet, materials, types of materials; photographs; videotapes; contracts, purchase orders, invoices, billings, written correspondence to or from subcon tractors , suppliers , and any lower tiers); all email and retained voicemail correspondence to and/or from any person or party affiliated with the **CLAIM,** appraisal and umpire/arbitration processes; photographs; proofs of loss; billing records; invoices and purchase orders.

2. To the extent not already requested, all **DOCUMENTS YOU** provided to **DEFENDANT** before **YOU** signed **YOUR** contract/agreement with **DEFENDANT.** (This request includes **YOUR** pre-contract/agreement **COMMUNICATIONS** with **DEFENDANT,** as well).

3. To the extent not already requested, **YOUR** contract(s), agreement(s), or written understandings of any obligations, with any of the following for the **CLAIM** (this request seeks all copies of the contract(s) in draft form, proposed form, revised, amended, altered, and re-negotiated forms, as well):

**-DEFENDANT**
**-WELLS, ANDERSON, RACE, LLC**
**-CARNEY BRADLEY SPELLMAN**
**-COZEN O'CONNOR**

**4.** Any contracts between **YOU** and **DEFENDANT** .

**5.** DOCUMENTS evidencing **YOUR** retention by **DEFENDANT** for **YOU** to perform any services issued between December 22, 2010 through the present date. (The intent of this request is to obtain any retention letters or emails reflecting YOUR hiring or retention for services requested by **DEFENDANT** .

**6.** To the extent not already requested, all **DOCUMENTS** and **COMMUNICATIONS** reflecting the negotiations of **YOUR** contract(s), agreement(s), or written understandings of any obligations, with any of the entities or persons listed in the preceding request.

**7.** To the extent not already requested, all **DOCUMENTS** evidencing timesheets, hours logged or kept, ledgers, bookkeeping, and invoicing, that reflect or evidence **YOUR** amount of time and expenses expended for **YOUR** services provided for or associated with the **CLAIM.**

**8.** To the extent not already requested, all **DOCUMENTS** evidencing payments **YOU** made for any repairs, supplies, and /or estimating services provided for the **PROPERTY** during the **CLAIM.** (This request includes copies of endorsed checks, receipts, credit card statements [redactions for unrelated expenses are acceptable]).

**9.** To the extent not already requested, all **DOCUMENTS** evidencing reimbursements **YOU** received for any repairs, supplies, and/or estimating services that **YOU** paid for during the **CLAIM.** (This request includes copies of endorsed checks, receipts, etc.).

**10.** To the extent not already requested, any **DOCUMENTS** and **ESI** containing any recorded statements, phone calls, recorded meetings, or recorded inspections, **YOU** recorded during the **CLAIM,** for the **CLAIM.**

**11.** To the extent not already requested, all **DOCUMENTS** reflecting any damages or extra expenses claimed by **PLAINTIFFS** at the **PROPERTY** for the **CLAIM.**

**12.** To the extent not already requested, all **DOCUMENTS** evidencing all invoices for any work or investigation (including temporary and emergency repairs) actually performed and untaken for the **PROPERTY** during the **CLAIM.**

**13.** To the extent not already requested, all **DOCUMENTS** evidencing all bids, estimates, take-offs, proposals, agreements, and/or purchase orders (including any and all revisions to same) **YOU** obtained for repairs for the **PROPERTY** during the **CLAIM.**

**14.** To the extent not already requested, all **DOCUMENTS** evidencing the payments **YOU** made to every contractor, subcontractor, laborer, and/or material supplier for any work they performed at the **PROPERTY** during the **CLAIM.**

**15.** To the extent not already requested, all estimates **YOU** prepared for the **CLAIM,** whether in draft, revised or final form, in the native Xactimate software format.

**16.** To the extent not already requested, all estimates **YOU** prepared for the **CLAIM,** whether in draft, revised or final form, in paper form.

**17.** To the extent not already requested, all **DOCUMENTS YOU** sent to or received from any other persons and/or parties affiliated with and/or referencing the **CLAIM,** including, but not limited to, the **DOCUMENTS** to or from:

**-DEFENDANT**
**-WELLS, ANDERSON, RACE, LLC**
**-CARNEY BRADLEY SPELLMAN**
**-COZEN O'CONNOR**
**-APPRAISER DANIEL WILKINS**
-Any contractors, subcontractors, or suppliers for any repair work.

**18.** To the extent not already requested, all of **YOUR COMMUNICATIONS** (including singular and group communications) with the following persons or entities regarding the **CLAIM;**

**-DEFENDANT**
**-WELLS, ANDERSON, RACE, LLC**
**-CARNEY BRADLEY SPELLMAN**
**-COZEN O'CONNOR**
**-APPRAISER DANIEL WILKINS**
-Any contractors, subcontractors, or suppliers for any repair work.

**19.** To the extent not already requested, all **DOCUMENTS** evidencing how your fee was calculated, received and paid for the services **YOU** provided for its/their total involvement in the **CLAIM** and all repairs made to the property involved in the **CLAIM.**

**20.** Any **DOCUMENTS** reflecting any logs, tables, lists, or spreadsheets (or equivalent) that track **YOUR** clients on claims where **DEFENDANT** or **WELLS, ANDERSON, RACE, LLC** was also involved.

**21.** Any **DOCUMENTS** reflecting any logs, tables, lists, or spreadsheets (or equivalent) that track **YOUR** clients on claims where the **APPRAISER** was also involved.

**22.** Any **DOCUMENTS** reflecting any logs, tables, or spreadsheets (or equivalent) that track the case name or client name, where **YOU** gave sworn testimony during a claim or in litigation related to such claim.